**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
132 Bridge Street
Arroyo Grande, CA 93420
Telephone: (805) 994-0177
Facsimile: (805) 994-0197

*Attorney for Plaintiff*,
Michael Williams

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL WILLIAMS,**<br><br>Plaintiff,<br><br>v.<br><br>**PATELCO CREDIT UNION,**<br><br>Defendant. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE ELECTRONIC FUNDS TRANSFER ACT, 15 U.S.C. § 1693, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. The stated purpose of the Electronic Fund Transfers Act, 15 U.S.C. § 1693, et seq. ("EFTA"), is to "provide a basic framework establishing the rights, liability, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693(b). EFTA's "primary objection…is the provision of individual consumer rights." *Id*. Moreover, the language of EFTA indicates that the consumer protection measures contemplated by it are aimed at promoting disclosure, preventing fraud, and allocating liability. *Id*., at 1693d-1.

2. MICHAEL WILLIAMS ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of PATELCO CREDIT UNION ("Defendant") with regard to unauthorized electronic funds transfers.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

6. Any violations by each Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to federal question jurisdiction under 28 U.S.C. § 1331. More particularly, this action arises out of Defendant's violations of the Electronic Fund Transfers Act, 15 U.S.C. § 1693, et seq. ("EFTA").

9. Because Defendant conducts business within the State of California, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in Contra Costa County in this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

11. Plaintiff is a natural person who resides in Contra Costa County, State of California, and is a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j).

12. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1693a(6).

13. Defendant is a California State-chartered credit union headquartered in Dublin, California.

14. Defendant is a "financial institution" as defined by 15 U.S.C. 1693a(9).

15. Defendant is a corporation doing business in the County of Contra Costa, State of California, and is a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j).

## FACTUAL ALLEGATIONS

16. At all times relevant, Plaintiff is an individual residing within the State of California.

17. Plaintiff maintained a deposit account with Defendant that constitutes an "account" as defined by 15 U.S.C. § 1693a(2) and 12 C.F.R. 1005.2(b)(1).

18. On or about November 13, 2023, Plaintiff discovered to his shock that an unauthorized transaction was posted to his Patelco account, in the amount of $4,500, posted on November 13, 2023.

19. Immediately thereafter, Plaintiff contacted Patelco to dispute the validity of this transaction.

20. Plaintiff disputed this transaction with Patelco both in-person and over the telephone in November and December, 2023, and in January, 2024.

21. During each dispute, Plaintiff was as thorough as possible in conveying to Patelco that the fraudulent transactions were unauthorized.

22. On May 10, 2024, Patelco transmitted to Plaintiff correspondence (which has been dated March 22, 2024), denying that this was an unauthorized transfer, and instead verified the transaction as valid and thus rejecting Plaintiff's disputes.

23. Defendant's investigation was unreasonable.

24. More specifically, Defendant should have discovered from its own records, including documents and narratives included in Plaintiff's disputes, that the transactions at issue were unauthorized and fraudulent transactions.

25. Defendant did not have a reasonable basis for believing that Plaintiff's account was not in error.

26. Defendant knowingly and willfully concluded that Plaintiff's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to Defendant at the time of its investigation.

27. Through this conduct, Defendant violated 15 U.S.C. § 1693f.

28. Through this conduct, Defendant violated 15 U.S.C. § 1693g.

29. The abovementioned transactions were unauthorized electronic fund transfers as defined by 15 U.S.C. § 1693a(12); and, 12 C.F.R. 1005.2(m).

30. To date, Defendant continues to hold Plaintiff responsible for the fraudulent transaction.

31. Since Plaintiff's efforts to be absolved of the unauthorized fraudulent transactions were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's dispute.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT

## 15 U.S.C. §§ 1693, ET SEQ. (EFTA)

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions constitute numerous and multiple violations of EFTA.

34. As a result of each and every violation of EFTA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

- An award of actual damages pursuant to 15 U.S.C. § 1693m(a)(1) for Plaintiff;
- An award of treble damages pursuant to 15 U.S.C. § 1693f(e);
- An award of statutory damages of no less than $100 nor greater than $1,000 pursuant to 15 U.S.C. § 1693m(a)(2)(A) for Plaintiff;
- An award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1693m(a)(3);
- Any and all other relief the Court deems just and proper.

**TRIAL BY JURY**

35. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: June 10, 2024                                                                 Respectfully submitted,

                                                                                              **LOKER LAW, APC**

                                                                          By:   ___/s/ Matthew M. Loker___
                                                                                       MATTHEW M. LOKER, ESQ.
                                                                                       ATTORNEY FOR PLAINTIFF