UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>PATELCO CREDIT UNION,<br><br>Defendant. | Case No.  24-cv-03464-LJC<br><br>**ORDER TO SHOW CAUSE WHY OPPOSITION BRIEF SHOULD NOT BE STRICKEN**<br><br>**ORDER TO SHOW CAUSE WHY TECHNICAL LOGS SHOULD NOT BE EXCLUDED OR CONSIDERATION OF SUMMARY JUDGMENT SHOULD NOT BE DEFERRED**<br><br>Re: Dkt. No. 51 |

**A.      Timeliness of Plaintiff's Opposition Brief**

Defendant filed a Motion for Summary Judgment on January 20, 2026 (ECF No. 48), the last day to do so under the schedule ordered by the Court (ECF No. 37).  The Court struck that motion sua sponte for failure to comply with a local rule regarding separate statements of fact and ordered Defendant to file a corrected motion by January 22, 2026 (which Defendant did), but left the briefing and hearing schedule unchanged, "as if the corrected Motion were filed . . . January 20, 2026."  ECF No. 49 (parentheses omitted).

The deadline for Plaintiff's opposition brief was therefore February 3, 2026.  Civ. L.R. 7-3(a).  Plaintiff filed his opposition brief one day late on February 4, 2026 at 11:56 PM.  ECF No. 51.  Though the Court likely would have granted a reasonable extension if requested in light of the time needed to correct the irregularity of Defendant's motion, Plaintiff did not seek an extension or otherwise address the untimeliness of his brief.  Plaintiff is therefore ORDERED TO SHOW CAUSE why his opposition brief should not be stricken as untimely, by filing a response to this Order no later than February 13, 2026.

United States District Court
Northern District of California

**B.      Timeliness of Defendant's Production of Technical Logs**

Initial disclosures in this case were due May 22, 2025.  ECF No. 37.  Fact discovery closed on November 21, 2025, and expert discovery closed January 9, 2026.  *Id.*  At a case management conference on November 6, 2025, "[t]he Court reminded the parties . . . to review the local rules regarding filing a request to change any dates set by the scheduling order."  ECF No. 46.  Neither party filed a request to adjust those disclosure and discovery deadlines.

Plaintiff asserts that on January 14, 2026 (six days before Defendant filed its original defective Motion for Summary Judgment), Defendant produced "roughly 200 pages of technical access, session, and account-linkage records that [Defendant] Patelco now cites as central proof that the disputed transfer was 'authorized,'" ECF No. 51 at 9—a core issue in the case, and one of the primary reasons Defendant seeks summary judgment.

Defendant does not dispute the timing of that production, but argues that Plaintiff has not identified any request for production of those documents, and that the belated production was "arguably required as part of Patelco's ongoing duty to supplement its productions as it uncovers additional relevant evidence."  ECF No. 52 at 16.

Defendant's latter argument seems to prove too much.  As Defendant suggests, the materials at issue appear to fall within Defendant's initial disclosure obligations as "documents [or] electronically stored information . . . that the disclosing party has in its possession, custody, or control and may use to support its . . . defenses."  Fed. R. Civ. P. 26(a)(1)(A)(ii).  It is difficult to fathom how Defendants could have only "uncover[ed that] additional relevant evidence," *cf.* ECF No. 52 at 15, nearly eight months after the deadline for initial disclosures.  In its separate defense that it conducted a reasonable investigation, Defendant asserts that its pre-litigation "investigation focused on the dispositive, transaction-level evidence relevant to whether the transfer was authorized: account activity logs, IP address history, device history (including saved/trusted device designation), multi-factor authentication records, external account linkage history, and [Plaintiff's] prior ACH transfer history to the same destination account."  *Id.* at 12.  As described by Defendant, that investigation would seem to have included the access logs that Defendant only

United States District Court
Northern District of California

produced less than a week before moving for summary judgment.[1]

"If a party fails to provide information . . . as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1). Defendant is therefore ORDERED TO SHOW CAUSE why the Court should not exclude the access logs and any evidence or argument derived from them.  In the alternative, Defendant is ORDERED TO SHOW CAUSE why Plaintiff's request to defer consideration of the Motion for Summary Judgment and authorize further discovery under Rule 56(d) of the Federal Rules of Civil Procedure should not be granted.

Defendant shall file a response to this Order no later than February 13, 2026.  If Plaintiff wishes to be heard on these issues, including Defendant's assertion that Plaintiff did not serve a discovery request encompassing these materials, he may address them in his response by the same deadline.

### C.    Conclusion

Both parties are ordered to respond as stated above.  Both parties must also address whether they believe additional alternative dispute resolution efforts would be useful now that each side has a better understanding of the competing arguments and evidence.

The February 24, 2026 hearing and June 29, 2026 trial date remain unchanged at this time, but the Court may continue or vacate those dates after reviewing the parties' responses.

**IT IS SO ORDERED.**

Dated: February 11, 2026

LISA J. CISNEROS
United States Magistrate Judge

---

[1] Accordingly, even if the Court were to assume for the sake of argument that the transaction was not authorized and only consider Defendant's reasonable-investigation defense, that does not resolve the problems caused by Defendant's belated disclosure, because the material at issue may be relevant to the reasonableness of Defendant's investigation.